IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Provell, Inc., ) <br> a Delaware Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> 1703408 Ontario Inc. Limited, ) <br> a United Kingdom Corporation, ) <br> ) <br> Defendant. ) | Civil File No. 3:10-cv-13 <br><br> **ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND WAIVING THE POSTING OF A BOND** |

     Before the Court is Plaintiff Provell, Inc.'s Motion for a Temporary Restraining Order (Doc. #4) and Amended Motion for a Temporary Restraining Order (Doc. #14). The Court held a hearing on March 15, 2010, during which it granted Provell's motion and waived the posting of a bond. This memorandum opinion and order memorializes the Court's decision.

## FACTUAL BACKGROUND

     Provell brings this action for trademark infringement, false designation of origin, unfair competition, and related state-law claims arising out of Defendant's use of the VALUE PLUS service mark. Provell is the registered owner of the VALUE PLUS service mark and has used it continuously since at least July 1, 1998. Defendant began using the VALUE PLUS LIFESTYLE service mark and VALUE PLUS ESSENTIALS service mark in approximately September 2009. At least one North Dakota consumer has been confused by the infringing use and filed a complaint with the North Dakota Attorney General. Provell has not authorized Defendant's use of the VALUE PLUS service mark.

Provell, through its counsel, has tried to accomplish service of the Complaint, Motion, and Notice of the Hearing pursuant to the rules. Provell's counsel sent e-mails to Defendant's two known e-mail addresses (Doc. #21), contacted Mr. Renato Fabrizi, CEO of the business, via telephone and advised him of the Complaint, Motion, and hearing date (Doc. #21), and utilized a process server to serve the last known address of the business at 1025 Connecticut Avenue NW, Suite 1012, Washington, DC 20036 (Doc. #15).

## ANALYSIS

### 1. Service

The Court finds that service on the Defendant has been accomplished to the fullest extent possible. Defendant lists a physical business address with a permanent place and suite. While the receptionist personally served at this address indicated she did not know of the Defendant, it appears Defendant operates under at least three separate names. Moreover, Provell's counsel telephoned and spoke with the CEO of the business. During this telephone conference, Defendant was advised of the Complaint, Motion, and hearing.

Based on the affidavits submitted, it is clear that Provell has undertaken all reasonable steps for effective service, and that Defendant was informed of the date and time of the hearing, but failed to appear. Effective service is likely impossible, as it appears Defendant operates a business that is designed to mislead and deter people. Thus, based on all of the circumstances to date, the Court finds any further attempt at service would be ineffective.

### 2. Motion for Temporary Restraining Order

When determining whether to grant a temporary restraining order, a court is to consider four factors: "(1) the movant's probability or likelihood of success on the merits, (2) the threat of

irreparable harm or injury to the movant absent the injunction, (3) the balance between the harm to the movant and the harm that the injunction's issuance would inflict on other interested parties, and (4) the public interest." Wachovia Sec., L.L.C. v. Stanton, 571 F.Supp.2d 1014, 1032 (N.D. Iowa 2008) (citing Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981)).  The Court has considered each of these factors.

### A. *Likelihood of Success on the Merits*

Provell has been using the VALUE PLUS mark for over 11 years.  It has registered the mark with the U.S. Trademark Office and has an incontestable right to use the mark.  It uses the mark through telemarketing, literature, and website marketing and sales.  Defendant uses the VALUE PLUS mark in its business to solicit customers in the same manner, and has misled and defrauded at least one of Provell's customers.  No evidence suggests that Defendant has any right to use the VALUE PLUS mark; therefore, Provell has demonstrated a high probability of success on the merits.

### B. *Threat of Irreparable Harm or Injury to the Movant*

Provell is the registered owner of the VALUE PLUS mark.  The company has gained an advantage in the market through use of the mark over the last 11 years.  Defendant has used the VALUE PLUS mark improperly to advance its own business practices and damage Provell's business and reputation.  Defendant has defrauded at least one consumer and a complaint has been lodged with the North Dakota Attorney General's Office.  Provell's affidavits and verified complaint establishes immediate and irreparable injury as well as grave risk of further injury to its business and reputation absent injunctive relief.

  C. *Balance Between the Harm to the Movant and the Harm to Other Interested Parties*

It appears Defendant has no legitimate business interest in the use of the VALUE PLUS mark. Its only interest is to defraud and prey upon the public. Any harm by other interested parties is greatly outweighed by the harm Provell has sustained and will continue to sustain absent injunctive relief.

  D. *Public Interest*

The public interest will be best served by protecting the VALUE PLUS mark from infringing use. At least one consumer has been defrauded. While advised by telephone of the Complaint, Motion, and hearing, Defendant failed to appear.

After carefully considering each of the requirements for the issuance of a temporary restraining order, the Court finds each factor weighs in Provell's favor. Accordingly, Provell's Motion for a Temporary Restraining Order is **GRANTED**. Defendant is hereby enjoined from using the VALUE PLUS mark.

  **3.** **Bond Requirement**

The bond requirement of Rule 65(c), Fed. R. Civ. P., may be waived when no bond is requested or when there is no evidence that a party will suffer damages from the injunction. See Elliot v. Kiesewetter, 98 F.3d 47, 60 (3d Cir. 1996) (noting bond requirement may be waived when "the balance of equities weighs overwhelmingly in favor of the party seeking the injunction"); Moltan Co. v. Eagle-Picher Industries, Inc., 55 F.3d 1171, 1176 (6th Cir. 1995) (stating district court has discretion to waive the posting of bond under Fed. R. Civ. P. 65(c)); Tanconge v. Tomjai Enters. Corp., 408 F.Supp.2d 1237, 1253 (S.D. Fla. 2005) (whether to require a bond is within the district court's discretion); Doctor John's, Inc. v. City of Sioux City,

Iowa, 305 F.Supp.2d 1022, 1043 (N.D. Iowa 2004) (when it is unclear what, if any, monetary damages would be incurred as a result of the injunction, a court may waive the bond requirement).

It appears Defendant's sole purpose in using the protected mark is to prey upon the public and defraud people.  Under the circumstances, the Court finds it would be unjust to Provell, an innocent party, to require a bond.  Accordingly, the Court waives the positing of a bond.

## CONCLUSION

For the foregoing reasons, Plaintiff Provell's Motion for a Temporary Restraining Order is **GRANTED**.  Defendant is **HEREBY ENJOINED** from using the VALUE PLUS mark.  Further, the Court waives the requirement that a bond be posted.

**IT IS SO ORDERED.**

Dated this 15th day of March, 2010.

/s/  Ralph R. Erickson
Ralph R. Erickson, Chief Judge
United States District Court